**AMBROSE–AUGUSTERFER CORP.,**
Appellant Below, Appellant,

v.

**Irving H. GARTON, and Thomas E. Hickman, Jr., constituting the Industrial Accident Board of the State of Delaware, and Michael Coen, Appellees Below, Appellees.**

Supreme Court of Delaware.

Submitted Sept. 12, 1980.

Decided Sept. 25, 1980.

J. R. Julian (argued) of Connolly, Bove & Lodge, Wilmington, for appellant.

Robert P. Lobue (argued), Deputy Atty. Gen., Wilmington, for appellees.

Before McNEILLY, QUILLEN and HORSEY, JJ.

PER CURIAM.

The facts are undisputed and the following statement is taken verbatim from the employer's opening brief.

Claimant, a Delaware resident at all times relevant to the facts in this appeal, was a sheet metal worker. In 1966 while employed by I. D. Griffith Company, a Delaware based mechanical contractor, claimant suffered a broken left wrist as a result of an industrial accident. He filed for and received workmen's compensation benefits under the Delaware Act until he returned to work.

On February 12, 1975, while claimant was employed by Ambrose–Augusterfer Corporation, a Philadelphia based mechanical contractor, he reinjured his left wrist in an industrial accident at the St. Francis Hospital in Wilmington, Delaware. Although claimant could have received benefits under the Delaware Workmen's Compensation Act, because claimant qualified for benefits under the Pennsylvania Workmen's Compensation Act, claimant filed for and received total disability benefits under that Act, presumably because of the higher benefits paid thereunder. As a result claimant received $114.00 per week from the day of his accident to July 1, 1975 and has received $171.00 per week since July 1, 1975. The maximum he could have received under the Delaware law would have been $75.00 per week.

Because claimant incurred permanent injury as a result of his first industrial accident in 1966 and because he suffered further permanent injury in his subsequent industrial accident in 1975 which resulted in total disability as defined in Section 2326, the employer, through its workmen's compensation carrier, Pennsylvania Manufacturers' Association Insurance Company ("PMA") which is licensed to be a workmen's compensation insurer in the State of Delaware and pays into the Second Injury and Contingency Fund, sought to have part of claimant's compensation paid out of the Second Injury and Contingency Fund. Specifically, PMA sought reimbursement for all temporary total disability payments up to a

maximum of $75.00 per week, the sum that claimant would have received had he elected Delaware Act benefits.

At the legal hearing held before the Board on October 12, 1978, it was brought to the Board's attention that it had been supplied with medical reports one year earlier from three different physicians establishing temporary total disability. Additionally, the Board was informed that the accident occurred in Delaware.

After the legal hearing on October 12, 1978 on that issue the Board denied the employer's request, stating that "It is believed that claimant's industrial accident occurred in Pennsylvania" and holding that "the Delaware Act does not provide for reimbursing an insurance carrier for payments it made to claimant under the laws of another state" and that "once the claimant chose to seek his total disability payment under Pennsylvania law, Delaware lost all jurisdiction of that aspect of the claimant's case".

· Employer, through its insurance carrier filed an appeal to the Superior Court, which affirmed the Board's decision, holding that a right to reimbursement from the Second Injury Fund is predicated on payment of total disability benefits under the Delaware Act.

While the facts presented disclose a close relation with Delaware, the law of Workmen's Compensation is statutory and we agree with the decisions of the Board and the Superior Court. The pertinent statute, 19 *Del.C.* § 2327, provides in full:

"§ 2327. Compensation for subsequent permanent injury; special fund for payment.

Whenever a subsequent permanent jury occurs to an employee who has previously sustained a permanent injury, from any cause, whether in line of employment or otherwise, the employer for whom such injured employee was working at the time of such subsequent injury shall be required to pay only that amount of compensation as would be due for such subsequent injury without regard to the effect of the prior injury. Whenever such subsequent permanent injury in connection with a previous permanent injury results in total disability as defined in § 2326 of this title, the employee shall be paid compensation for such total disability, as provided in § 2324 of this title, during the continuance of total disability, such compensation to be paid out of a special fund known as 'Industrial Accident Board Second Injury and Contingency Fund.' "

On the basis of the statute, we particularly agree with the Board's argument and the Court below that the language—"results in total disability as defined in § 2326"—contemplates a determination of total disability under the Delaware statute. This is highlighted by interpretative difficulties that arise under the employer's position such as how to draw a meaningful limitation on claims in the absence of an express statutory specification and how to determine which statute, Delaware's or Pennsylvania's, fixes the amount of compensation. In the absence of explicit reference to making payments out of the Second Injury and Contingency Fund under the particular circumstances of the instant proceeding, we find that such payment was not contemplated by our General Assembly. Rather, the statute seems to be based on the assumption that the total disability determination is made under the Delaware statute. If that premise is to be altered and exposure of the Fund broadened, it should be done by the General Assembly and not the Court.

The judgment of the Superior Court is affirmed.